UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>SECURITAS SECURITY SERVICES USA, INC.,<br><br>Defendant. | Case No. 17-cv-05342-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND REMANDING TO STATE COURT**<br><br>Re: Dkt. No. 27 |

## I. INTRODUCTION

Plaintiff Stephanie Young brought this action in state court asserting several claims for wage and hour violations under California law. Defendant Securitas Security Services USA, Inc. ("Securitas") removed to this Court and now moves to dismiss, based largely on the arbitration clause of a collective bargaining agreement and on preemption under section 301 of the Labor Management Relations Act (the "LMRA"). Young opposes dismissal and requests in her opposition brief that the case be remanded to state court for lack of federal subject matter jurisdiction. The Court held a hearing on March 2, 2018. For the reasons discussed below, Securitas' motion is GRANTED to the extent that Young's first amended complaint could be construed as asserting a claim under the LMRA, but is DENIED as to Young's state law claims. The case is hereby REMANDED to state court.[1]

## II. BACKGROUND

### A. Procedural History

Young filed this action on May 25, 2017 in the Superior Court of California for the County of San Francisco, where it was assigned case number CGC 17-559171. *See* Notice of Removal

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

(dkt. 1) Ex. 1. Her original complaint asserted claims for failure to provide meal periods, failure to provide accurate wage statements, declaratory relief, and unlawful business practices. *See id.* Securitas answered the complaint on September 12, 2017, Notice of Removal Ex. 2, and removed to this Court on September 14, 2017, invoking federal question jurisdiction under 28 U.S.C. § 1331 based on LMRA preemption, as well as supplemental jurisdiction under 28 U.S.C. § 1367. *See generally* Notice of Removal. Young amended her complaint on January 8, 2018, *see generally* 1st Am. Compl. ("FAC," dkt. 23), and Securitas now moves to dismiss, *see generally* Mot. (dkt. 27).

### B. Allegations of the Complaint

Securitas, a company that provides security services throughout the United States, employed Young as a security guard in San Francisco, California from 2010 to 2016. FAC ¶¶ 6–7. Securitas provided documents to Young and other security guards at the time of their hiring and orientation informing them that would be required to remain on the job site for meal breaks and that they must sign an agreement to that effect, which Young in fact signed. *Id.* ¶¶ 12–14. Young routinely worked shifts longer than five hours without off-duty meal breaks or compensation for missing such breaks, and routinely worked shifts longer than four hours without rest breaks. *Id.* ¶¶ 17–20. When Young complained about Securitas's failure to pay her overtime compensation, Securitas told her that she would receive compensation on her next paycheck, but never provided such compensation. *Id.* ¶¶ 25–26. Securitas later told Young that she would need to complete a "discrepancy report" to receive overtime pay but never provided her with the necessary form, and Young eventually stopped pursuing the issue out of fear of retaliation. *Id.* ¶ 26.

Young brings five claims: (1) failure to provide meal periods or compensation under California Industrial Welfare Commission ("IWC") Wage Order 4-2001 and California Labor Code sections 200, 203, 226.7, and 512, Compl. ¶¶ 31–52; (2) failure to provide accurate wage statements under Labor Code section 226, Compl. ¶¶ 53–58; (3) unlawful, deceptive, or unfair business practices under California Business and Professions Code section 17200, for which Young seeks restitution and injunctive relief, Compl. ¶¶ 59–64; (4) failure to provide rest breaks

or compensation under Labor Code section 226.7 and IWC Wage Order 4-2001, Compl. ¶¶ 65–72; and (5) failure to provide overtime compensation under Labor Code sections 1194, 1197, and 1197.1, Compl. ¶¶ 73–79. Young states in an introductory section of her complaint addressing jurisdiction that "this Court has original jurisdiction because [Young's] state law claims are completely preempted by Section 301 of the Labor Management Relations Act." *Id.* ¶ 3.

### C. Request for Judicial Notice

The parties jointly request judicial notice of a collective bargaining agreement (the "CBA") between Securitas (among other private security companies) and the Service Employees International Union, United Service Workers West (the "Union"), effective from June 12, 2013 through May 31, 2017 and covering all employees working as security guards (among other occupations) within San Francisco and certain other counties. *See* Request for Judicial Notice ("RJN," dkt. 27-2) Ex. 1 art. 1.

The CBA provided for a minimum wage of $14 per hour at relevant times in San Francisco. *Id.* § 12.1. Time worked in excess of forty hours per week or eight hours within a fifteen hour period was to be paid at one and one-half times the employee's regular pay, and time worked in excess of twelve hours per day was to be paid at double the usual rate. *Id.* §§ 13.1–13.2. Employees were required to take meal breaks during each work period of more than five hours (subject to mutual waiver for workdays of no more than six hours) and were entitled to a fifteen minute rest break for each four hours worked. *Id.* §§ 13.6–13.7. Disputes regarding meal and rest breaks were required to be resolved through the CBA's grievance and arbitration procedure, *id.*, which was "the exclusive method of resolving all disputes between the Employer and the Union and the employees covered by this agreement unless otherwise set forth or required under applicable law," including "statutory claims over the payment of wages for all time worked . . . rest and meal periods, overtime pay, . . . and all other wage and hour related matters," *id.* § 25.9. Employees retained the right to bring civil actions if the Union declined to assert grievances on their behalf. *Id.* § 25.10(b).

3

### D. Parties' Arguments

#### 1. Motion to Dismiss

Securitas moves to dismiss all of Young's claims. *See generally* Mot. First, Securitas argues that the CBA "clearly and unmistakably" required Young to follow the grievance and arbitration procedures for her first, fourth, and fifth claims, that such provisions are enforceable, and that all claims must therefore be dismissed because Young's second and third claims are derivative of the claims she was required to arbitrate. *Id.* at 6–10.

Securitas also contends that section 301 of the LMRA, 29 U.S.C. § 185(a), preempts Young's claims. Mot. at 10–18. According to Securitas, Young's only recourse for the alleged meal period, rest break, and overtime violations is through the CBA, because the applicable California statutes do not apply to security guards covered by collective bargaining agreements that address those issues. *Id.* at 13–15 (citing Cal. Lab. Code §§ 512(e)–(f), 514). Securitas argues that even if the Court holds that Young can bring claims under the Labor Code, such claims would still be preempted because they would require substantial analysis of the CBA, and conversely, even if the claims are not preempted, they would still fail under California law because they fall within the statutory exceptions for security guards covered by collective bargaining agreements. *Id.* at 15–19. Securitas notes that Young's operative complaint specifically states that her claims are preempted, and asserts that Young failed to file a claim within the six-month limitations period under the LMRA. *Id.* at 12.

Securitas contends that Young's second and third claims—for inadequate wage statements and unfair business practices—are derivative of her other claims, and also argues that Young lacks standing to seek injunctive relief on her third claim under section 17200. *Id.* at 19–21.

#### 2. Young's Opposition

Young contends that all of her claims arise under state law and therefore are not preempted by the LMRA. *See* Opp'n (dkt. 30) at 3–11. She argues that preemption does not arise either from the potential need merely to reference the CBA to determine damages, or from Securitas's defenses based on the CBA, including defenses based on California's statutory exceptions for unionized security guards and based on those CBA's grievance provisions. *Id.* at 6–8, 13 (citing

4

*e.g.*, *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 938–39 (C.D. Cal. 2014)). Based on her position that her claims are not preempted, Young argues that Securitas's motion to dismiss her state law claims should be denied for lack of jurisdiction and the case should be remanded to state court. *Id.* at 12–13. Young requests leave to amend her complaint a second time to remove the jurisdictional statement that her claims are preempted if the Court is inclined to grant Securitas's motion. *Id.* at 13–15.[2]

### 3. Securitas's Reply

Securitas argues that because Young conceded preemption and jurisdiction in her first amended complaint, without any explanation in her opposition as to why she did so, she should not be permitted to amend again to avoid preemption and federal jurisdiction. Reply (dkt. 34) at 1–2. Securitas further contends that Young cannot "artfully plead[]" state law claims in this case to avoid the LMRA, and that it is appropriate for the Court to look past the face of her complaint to determine whether her claims require analysis of the CBA. *Id.* at 3–4. Securitas notes that several of the cases on which Young relies were decided before California enacted sections 512(e) and (f) of the Labor Code, which exempt certain employees covered by collective bargaining agreements from the standards of section 512(a), and that other cases that Young cites did not address or were not covered by section 512(e). *Id.* at 4–6. According to Securitas, the Court should follow the decision of *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093 (N.D. Cal. 2014), which held that claims purportedly brought under the Labor Code but falling within the exceptions that Securitas invokes here were preempted by the LMRA. Reply at 6–8.

Securitas reiterates its arguments that Young failed to meet the LMRA's six-month filing deadline and that her claims are subject to arbitration under the CBA, both of which, according to Securitas, Young did not meaningfully address in her opposition. *Id.* at 8–10. Securitas also argues again that Young's second and third claims, for inadequate wage statements and unfair business practices, are derivative of her other claims and would require interpretation of the CBA

---

[2] Young concedes that she lacks standing pursue injunctive relief on her section 17200 claim. Young's opposition brief includes separate page numbering for her opposition itself and for her memorandum of points and authorities. This concession appears on page 2 of the former, but all other citations herein to Young's opposition refer to pages in the memorandum.

5

such that they are also preempted by the LMRA. *Id.* at 10–11.

## III. ANALYSIS

### A. Legal Standard for Motions to Dismiss Under Rule 12(b)(6)

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

**B. Legal Standard for Remand**

Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Although Young has not filed a motion to remand, parties may suggest a lack of subject matter jurisdiction at any time—as Young has done in her opposition brief—and the Court has an ongoing responsibility to consider whether a case falls within its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h); *Arbaugh v. T&H Corp.*, 546 U.S. 500, 514 (2006); *Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983).

**C. Young's Allegation of Preemption**

For reasons not explained in her brief, and contrary to her present arguments, Young's first amended complaint states that all of her claims are preempted by the LMRA. FAC ¶ 3. Whether that is in fact the case is a question of law that, unlike Young's factual allegations, the Court need not accept as true on the present motion. Moreover, even if the Court were inclined to view Young's allegation of preemption as an admission or stipulation, the limitation of federal "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived,'" and courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh*, 546 U.S. at 514 (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Young's unexplained change of position, while somewhat bizarre, does not meaningfully alter the analysis of preemption and jurisdiction.

7

To the extent that Young's allegation of preemption could be construed as asserting a claim under the LMRA for breach of the CBA, the CBA plainly requires the use of its grievance and arbitration procedures to resolve disputes arising thereunder. *See* RJN Ex. A §§ 13.6, 13.7, 25.1, 25.9; *see also DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163–64 (1983). Young does not dispute that she has not exhausted those procedures or that she would be required to do so to bring a claim under the LMRA for breach of the CBA. Any such claim is therefore DISMISSED without leave to amend.

With that potential federal claim dismissed, the Court looks to whether there is any basis to exercise jurisdiction over the state law claims that Young explicitly asserts. The only basis for jurisdiction presented by Securitas is preemption under section 301 of the LMRA. Reply at 3–9.[3]

### D. Preemption Under Section 301 of the LMRA

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). Courts have interpreted that provision as calling for the creation of federal common law to govern interpretation of collective bargaining agreements, preempting state law claims to enforce such agreements, and applying to claims by employees as well as to claims by labor organizations. *Smith v. Evening News Ass'n*, 371 U.S. 195, 200 (1962); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

> Once preempted, "any claim purportedly based on [a] . . . state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987) . . . . This is true even in some instances in which the plaintiffs have not alleged a breach of contract in their complaint, if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it. *See [Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)] ("If the policies that animate [section] 301 are to be given their

---

[3] Securitas does not assert diversity jurisdiction under 28 U.S.C. § 1332 in either its notice of removal or its briefs on the present motion. To remove to this Court based on that statute, Securitas would have the burden to show that the parties are citizens of different states and that the amount in controversy exceeds $75,000. Securitas has made no such showing. The Court's analysis therefore focuses on whether preemption under the LMRA gives rise to subject matter jurisdiction, as Securitas asserts in its notice of removal and argues in its briefs.

8

> proper range, . . . the preemptive effect of [section] 301 must extend beyond suits alleging contract violations."). Otherwise, parties would be able "to evade the requirements of section 301 by relabeling their contract claims as claims for tortious breach of contract" or some other state cause of action, and thus "elevate form over substance." *Id.* at 211.

*Burnside*, 491 F.3d at 1059 (some alterations in original).

To determine whether a claim is preempted, courts look first to whether the right at issue is conferred solely by a collective bargaining agreement, in which case the claim is preempted. *Id.* If the claim is instead based on a right conferred by state law, courts next look to "whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* (quoting *Caterpillar*, 482 U.S. at 394). If so, it is preempted; if not, it may proceed under state law. *Id.* at 1059–60. The LMRA "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law, and . . . it is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement . . . (and not whether a grievance arising from 'precisely the same set of facts' could be pursued . . . ) that decides whether a state cause of action may go forward." *Lividas v. Bradshaw*, 512 U.S. 107, 123–24 (1994) (citations and footnote omitted). "If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc).

### 1. Statutory Exceptions to the Labor Code

Courts have reached different conclusions as to whether the statutory exceptions on which Securitas relies here—Labor Code sections 512(e), 512(f), and 514, which exempt certain employees from the state's meal period and overtime statutes—trigger LMRA preemption of claims pleaded as Labor Code violations. In *Vasserman*, the Central District of California rejected a defendant employer's argument that a claim for failure to pay overtime under section 510 of the Labor Code and related statutes was preempted because the plaintiff employee was excluded from that provision under section 514, which excludes employees covered by collective bargaining agreements that meet certain conditions. *Vasserman*, 65 F. Supp. 3d at 953–60. Noting that section 514 is an affirmative defense under California law, the *Vasserman* court explained its reasoning as follows:

9

> First, the fact that the § 514 exemption may apply does not alter the substance of [Plaintiff] Vasserman's claim. If it is ultimately determined that § 514 applies, this will simply mean that Vasserman has alleged a claim under a statute she cannot invoke, and under which she is unable to recover. Stated differently, although Vasserman's claim may ultimately fail, the court is unable to conclude that its resolution is substantially dependent on analysis of the CBAs when the supporting allegations focus only on state law. Indeed, Vasserman specifically and repeatedly pleads violations of state law, not a violation of the CBAs or right[s] they provide.
>
> Second, because, as noted, [Defendant] Newhall Memorial's reliance on § 514 is essentially a defense to Vasserman's overtime claim, it does not give rise to § 301 preemption. *See Humble*, 305 F.3d at 1011 ("Boeing argues that when it offers a non-discriminatory justification for its conduct by relying on authorizing CBA provisions, that suffices to trigger preemption of Humble's reasonable accommodation claim. This argument is unavailing after *Cramer*, which held that reliance on CBA provisions to defend against an independent state law claim does not trigger § 301 preemption"). Accordingly, the court finds that Vasserman's second claim is not preempted.

*Id.* at 954.

Several months before the *Vasserman* decision, a court in this district reached the opposite conclusion in *Coria*, holding that because the plaintiff in that case fell within the section 514 exception for his overtime claim, as well as the comparable section 512(e) exception for his meal period claim, the plaintiff could not assert such claims under the Labor Code, and "his only basis for such . . . claim[s] will necessarily be the [applicable] provisions of his collective bargaining agreement." *Coria*, 63 F. Supp. 3d at 1097–1100. Later, however, another court in this district "respectfully disagree[d] with the reasoning in *Coria* and follow[ed] the reasoning in *Vasserman*," noting that the *Coria* decision "did not address the fact that the invocation of an exemption to the Labor Code is an affirmative defense." *Lopez v. Sysco Corp.*, No. 15-cv-04420-JSW, 2016 WL 3078840, at *4 (N.D. Cal. Jan. 25, 2016).

This Court, as in *Lopez*, finds the reasoning of *Vasserman* more persuasive than that of *Coria*. Because the statutory exceptions on which Securitas relies are affirmative defenses, they do not give rise to section 301 preemption, even if adjudication of those defenses would require reference to the CBA. *See Cramer*, 255 F.3d at 691. If Young's Labor Code claims in fact cannot

10

proceed based on those exceptions,[4] that would be a basis for their dismissal by a court of competent jurisdiction, not a basis to transform them into different claims that Young has not invoked for breach of the CBA. *See Vasserman*, 65 F. Supp. 3d at 954. Moreover, Securitas has identified no provisions of the CBA that are actually in dispute and would require interpretation, as opposed to mere reference, to resolve either Young's claims or Securitas's defenses. *See id.* at 957–60; *Lopez*, 2016 WL 3078840, at *4–5. The Court therefore holds that Young's California Labor Code claims are not preempted by the LMRA and provide no basis for federal jurisdiction.

### 2. Arbitration Clause

Securitas also relies on the CBA's mandatory arbitration provisions in its argument for dismissal, contending that the CBA requires Young to arbitrate even statutory claims related to wage and hour issues and that her claims should be dismissed for failure to do so, *see* Mot. at 6–10, but does not argue that the arbitration clause itself is grounds for preemption under the LMRA, *see* Reply at 3–9. A federal court can in at least some circumstances exercise jurisdiction over a separate action by an employer based on a collective bargaining agreement to compel arbitration of claims that an employee filed in state court. *See NBCUniversal Media LLC v. Pickett*, No. LA CV-01404 JAK (MRWx), 2017 WL 4708019, at *4–6 (C.D. Cal. July 19, 2017). In this case, however, where Securitas has raised the CBA's arbitration requirement as a defense to Young's state law claims, "preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer*, 255 F.3d at 691.

## IV. CONCLUSION

Securitas's motion is GRANTED to the extent that Young's jurisdictional allegation of preemption could be interpreted as bringing a claim under the LMRA, and any such claim is DISMISSED without leave to amend. Because all of Young's remaining claims arise under state

---

[4] Young does not address whether the exceptions apply to her, but at least with respect to her meal period claim, it is not entirely clear from the record that they do. Sections 512(e) and (f) exempt an "employee employed in the security services industry as a security officer who is registered pursuant to Chapter 11.5 (commencing with Section 7580) of Division 3 of the Business and Professions Code, and who is employed by a private patrol operator registered pursuant to that chapter." Cal. Lab. Code § 512(f)(3). The record does not indicate whether either Young or Securitas is registered under that chapter. Accordingly, even if those sections could provide a basis for removal, Securitas has not met its burden to show that they apply.

11

law and are not preempted by the LMRA, the Court lacks jurisdiction over those claims, DENIES the motion to dismiss without prejudice to any defense or argument that Securitas might raise in a court of competent jurisdiction, and REMANDS the case to state court sua sponte. To the extent that the Court could exercise supplemental jurisdiction over those claims based on Young's possibly-pleaded and now-dismissed LMRA claim, the Court declines to do so. The Clerk is instructed to close the file.

**IT IS SO ORDERED.**

Dated: March 2, 2018

JOSEPH C. SPERO
Chief Magistrate Judge